836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alonzo McCOY, et al., Plaintiffs,
William Christian, Individually and on Behalf of All Others
Similarly Situated, Plaintiff-Appellant,
v.
Richard CELESTE, Governor; Anthony J. Celebrezze, Attorney
General; Richard Seiter, Director; Harry K.
Russell, Supt., Defendants-Appellees.
 No. 87-3500.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1988.
 
 Before MERRITT, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs are Ohio prisoners confined at the Lima Correctional Institute, Lima, Ohio. In September of 1986, they filed a 42 U.S.C. Sec. 1983 action alleging that prison regulation 5120-9-25(F) unconstitutionally violated their first amendment right to freely exercise their religious beliefs. The plaintiffs are allegedly "Nazarites" whose religious beliefs prohibit them from cutting their hair. Regulation 5120-9-25(F) requires that prisoners keep their hair cut above the collar, unless a prisoner can show that he has a sincerely held belief, deeply rooted in his religion, which requires that he maintain his hair in a different fashion.
 
 
 3
 On March 26, 1987, the magistrate filed a report and recommendation that the defendants' motion for summary judgment be granted. In so doing, the magistrate determined that the plaintiffs had failed to establish the personal involvement of any of the defendants in the challenged conduct of the Lima Correctional Institute officials and had failed to establish that their beliefs were religious in nature and were sincerely held. Over plaintiffs' objection, the district court agreed and dismissed the plaintiff's action in an order adopting the report and recommendation of the magistrate.
 
 
 4
 We now affirm the judgment of the district court based in part on our conclusion that the plaintiffs failed to establish the personal involvement of any of the defendants in the challenged conduct. Without direct involvement, a right to control employees standing alone, will not support liability of supervisory personnel in a Sec. 1983 action. Monnell v. Dep't of Social Services, 436 U.S. 658 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984); Hayes v. Jefferson County, Ky., 668 F.2d 869, 872-73 (6th Cir.1982). Because the defendant's sworn denial of personal involvement in enforcing the haircut regulation is not controverted, the plaintiff's claims under Sec. 1983 were properly dismissed.
 
 
 5
 Accordingly, the judgment of the district court entered on May 4, 1987, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.